OLD TAVERN FARM, INC. *vs.* CLEMENT V. FICKETT.

Cumberland.    Opinion December 16, 1925.

*Milk may be sold in other vessels than bottles containing quarts, pints, and half pints, if sealed and stamped according to law, bottles of other sizes being included within the general term of "other vessels" as used in the statute.*

While quart, pint, and half pint bottles may be sealed by apothecaries' liquid measure, having as its unit the fluid ounce, the sealing of all other vessels must be according to their cubical contents; and while the cubical content may be determined by the application of the apothecaries' liquid measure, as the United States fluid ounce is readily transposable into wine measure based on cubical content, every other vessel, except bottles of the sizes above mentioned, must be sealed and stamped according to their exact content, unless the State Sealer of Weights and Measures has established a tolerance in such cases, and in the units of wine measure, viz.: gills, pints, quarts, and gallons, or fractional parts thereof.    In the instant case if the petitioner's bottles contain ten ounces, they may be stamped as containing two and one half gills.

On exceptions.    A petition for a writ of mandamus to compel the defendant as sealer of weights and measures of the city of Portland to seal certain bottles to be used in the sale of milk containing about ten ounces.    A hearing was had and the presiding Justice ordered the peremptory writ to issue, and the defendant excepted, and the case was certified to the Chief Justice under Sec. 18, Chap. 107 of the R. S.    Exceptions overruled.

The case fully appears in the opinion.

*Chaplin & Burkett,* for petitioner.

*H. C. Wilbur,* for defendant.

SITTING:    WILSON, C. J., PHILBROOK, DUNN, MORRILL, DEASY, BARNES, BASSETT, JJ.

WILSON, C. J.    On application for a writ of mandamus to compel the defendant as sealer of weights and measures of the city of Portland

to seal certain bottles to be used in the sale of milk and alleged to hold approximately ten ounces, or two and one half gills, the Justice below after hearing ordered the peremptory writ to issue, and the case was certified to the Chief Justice under the statutes on defendant's exceptions.

The issue is confined to the construction of Secs. 14, 15 and 20 of Chap. 37, R. S.: Whether a sealer of weights and measures is obliged to seal any bottle other than quarts, pints, and half pints to be used in the sale of milk and cream or any vessel not containing one of the recognized units of measure and stamp them with the quantity which they actually hold.

A review of the legislation upon the subject will aid in determining the construction which must be placed upon the law as it now stands. Ordinarily it is true the duty of the sealer of weights and measures is confined to sealing measures containing the recognized units, and according to some standard adopted by the Legislature with such tolerances as may have been determined upon by the State sealer of weights and measures, Secs. 3, 13, Chap. 48, R. S. The Legislature, however, has seen fit to make special provisions as to the sealing, not only of measures by which, but of all cans and other vessels, including bottles, in which milk and cream is sold.

The general practice of the sale of milk and cream in bottles for household consumption is of comparatively recent origin; and until 1909 the Legislature had not made any special provision for the sealing of bottles used in the sale of milk. The earlier statutes related solely to the standard by which measures, cans or other vessels used in the sale should be sealed, whether by wine or the ale and beer measure. Public Laws 1869, Chap. 25, Sec. 3; Public Laws 1872, Chap. 68; Public Laws 1887, Chap. 20.

In the revision of 1903, the only provision relating to the sealing of measures, cans or other vessels in which milk is sold is found in Sec. 11, Chap. 39, which reads as follows:

"All measures, cans, or other vessels used in the sale of milk shall be sealed annually by the sealer of weights and measures by wine measure, and shall be marked by the sealer with figures indicating the quantity which they hold."

In 1909 the Legislature first recognized the practice then becoming general of the sale of milk in bottles. Two acts were passed in 1909, Chapters 242 and 254. Though approved on the same day, Chapter

242 did not take effect until January 1st, 1910, while Chapter 254, which amended Sec. 11 of Chap. 39 above quoted, took effect sometime in July, 1909.

After the date on which the latter act took effect until January 1, 1910, Sec. 11 of Chap. 39, R. S., (1903) read as follows:

"All measures, cans or other vessels used in the sale of milk shall be sealed by the sealer of weights and measures by wine measure containing thirty-two ounces to the quart and all quart bottles containing less than thirty-two ounces or more than thirty-two ounces and six drams, all pint bottles containing less than sixteen ounces or more than sixteen ounces and four drams, and all half pint bottles containing less than eight ounces or more than eight ounces and two drams shall be condemned. All bottles within the above limits shall be passed as containing full measure, and all other measures, cans or other vessels shall be marked with figures indicating the quantity which they hold," clearly indicating by its terms that the Legislature regarded bottles as included in the general class of measures, cans or other vessels.

Prior to the passage of this act all measures, cans or other vessels used in the sale of milk were sealed by wine measure which is based on the cubical contents, though it is readily transposable with the apothecaries' liquid measure based on the fluid ounce which in the United States contains one one hundred twenty-eighth of a wine gallon or one thirty-second of a wine quart. The use of the fluid ounce was, no doubt, deemed by the Legislature as a more convenient unit of measure for determining the contents of bottles, and owing to the difficulty of manufacturing bottles of exactly the same size a certain tolerance was established for the sizes then most commonly in use; and bottles falling within that tolerance could be sealed as quarts, pints and half pints, respectively, though in fact holding more; but all other measures, cans or vessels except such quart, pint and half pint bottles must be stamped with the exact quantity which they held.

Chapter 254 cannot be construed as prohibiting the sale of milk and cream in other vessels, than bottles containing quarts, pints and half pints, but when other sizes are used, the actual contents of the vessel or bottle must be stamped thereon. If the Legislature had intended to prohibit the use of two-quart bottles or bottles containing one gill or any other quantity, it would, undoubtedly, have said so in plain

terms, and not having done so, except in the case of bottles purporting to be quarts, pints, and half pints that were not within the tolerance fixed, other sizes containing any amount could, under this act, be lawfully used if properly sealed and their contents stamped thereon.

When Chapter 242 of the Laws of 1909 went into effect, it to some extent modified Sec. 11 of Chap. 39 as amended by Chap. 254, in that it returned to the cubical content as the basis of the units of wine measure; but being enacted on the same day, and not expressly repealing Chapter 254, the two acts must stand together in so far as they are not inconsistent with each other.

The only other act essentially affecting the sealing of bottles used in the sale of milk is contained in the Public Laws of 1913, Chap. 81, which expressly repealed Chap. 254, Public Laws 1909, and permitted quart, pint and half pint bottles to be sealed by the manufacturer upon filing a bond with the state sealer of weights and measures, and fixed a penalty for the sale or use of bottles not sealed and stamped in accordance with its provisions. We find nothing in this act, however, that prohibits the use of bottles of other sizes, if sealed and stamped according to law. The prohibitions contained therein with the penalties for violations apply only, we think, to the improper use of bottles of the sizes specifically mentioned.

The Legislature in enacting these statutes may not have had in mind the use of bottles of other sizes than quarts, pints and half pints, and hence made no express provisions governing their use, but not having expressly forbidden their use, and a bottle being included within the general term "vessel," the use of bottles of any capacity other than those mentioned in Sec. 20 of Chap. 37, R. S. is lawful if sealed in the manner prescribed for "other vessels" under Sec. 15, Chap. 37, R. S.

While under Chap. 254, Public Laws 1909 the quantity a vessel or bottle holds might be expressed in fluid ounces, the capacity of a bottle other than the sizes mentioned in Sec. 20 of Chap. 37, R. S. must now be expressed, when sealed, in terms of one of the units of wine measure or fractional parts thereof, viz., gills, pints, quarts, or gallons. Applying this construction to the instant case, assuming the bottles of the petitioner hold ten fluid ounces, they must be stamped as holding two and one half gills.

While in theory this construction may involve some inconvenience in computing the amount a vessel or bottle actually holds, it is a

matter to be corrected by the Legislature and not by this court. The instant case on its face, however, presents no complicated problem of gauging, as the alleged contents of the vessels in question in fluid ounces are readily transposable into its equivalent in wine measure.

*Exceptions overruled*